The opinion of the Court was delivered by
Wakdlaw, J.
The replication shows that this action was neither brought within five years from the time the cause of action accrued, nor within four years from the time the plaintiff came of age. The Act of 1712, (2 Stat. 586,) in its sixth section, provides general regulations for the limitation of personal actions, which are applicable to all persons,'and then, in the tenth section, enlarges the time of limitation, by special exceptions, in behalf of persons in peculiar conditions. According to this scheme, every action of trover is unbarred for four years from the time the cause of action accrued. Where the plaintiff is beyond seas, feme covert, or imprisoned, five years from the cause of action accrued are given; and an infant, who in no case is barred in less time than would bar an adult, is allowed, notwithstanding more than four years from the cause of action accrued would thus be given, to bring action within two years from coming of age, or if beyond seas, within three years. By the Act of 1788, (5 Stat. 77,) the time from his coming of age for an infant to bring a personal action is extended to four years, without distinction between the cases of his being within the State and being out of it. It follows that an infant beyond seas may avail himself of either of the provisions made for the two disabilities to which he is subject. He may have five years from the accrual of his cause of action, or four years from his coming of age, which ever may be most advantageous to him; but there is no exception to the general *236 Act of limitations, which, after the expiration of five years from the cause of action accrued, adds to the four years given by the Act of 1788, another year, because the plaintiff, who was an infant when his cause of action accrued, was then and always afterwards out of the State.
The motion is dismissed.
O’Neall, Withers, Whitner, G-rover, and Munro, JJ., concurred.

Motion dismissed*